UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA                :

    - v. -                              :

                               :

AARON CALLOCK,                          :
ARTHUR LOWE,
    a/k/a "Mark,"                       :
DANE CLARKE,
    a/k/a "Hawk,"                       :
JENNY SUE LEASURE,
TAMERIA MCKENNEY,                       :
BETTY CRAVEN,
ROBERTA BRASSEUR,                       :
JOSEPH HARTLINE,
    a/k/a "Mike,"                       :
CHRISTIN VANCAMP,
JULIE GILLMAN, and                      :
KELLIE KIRKBRIDE,
                               :

                Defendants.        :

------------------------------------x

**INDICTMENT**



07 CRIM. 500

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 0 5 2007



<u>COUNT ONE</u>

The Grand Jury charges:

    1.  From in or about December 2005 up to and including
in or about January 2007, in the Southern District of New York
and elsewhere, AARON CALLOCK, ARTHUR LOWE, a/k/a "Mark," DANE
CLARKE, a/k/a "Hawk," JENNY SUE LEASURE, TAMERIA MCKENNEY, BETTY
CRAVEN, ROBERTA BRASSEUR, JOSEPH HARTLINE, a/k/a "Mike," CHRISTIN
VANCAMP, JULIE GILLMAN, and KELLIE KIRKBRIDE, the defendants, and
others known and unknown, unlawfully, willfully and knowingly,
did combine, conspire, confederate, and agree together and with
each other, and others known and unknown, to commit an offense

against the United States, to wit, a violation of Title 18,
United States Code, Section 922(a)(1)(A).

     2.   It was a part and an object of the conspiracy that
AARON CALLOCK, ARTHUR LOWE, a/k/a "Mark," DANE CLARKE, a/k/a
"Hawk," JENNY SUE LEASURE, TAMERIA MCKENNEY, BETTY CRAVEN,
ROBERTA BRASSEUR, JOSEPH HARTLINE, a/k/a "Mike," CHRISTIN
VANCAMP, JULIE GILLMAN, and KELLIE KIRKBRIDE, the defendants, and
others known and unknown, unlawfully, willfully, and knowingly,
not being licensed importers, licensed manufacturers, or licensed
dealers, would and did engage in the business of importing,
manufacturing, and dealing in firearms, and in the course of such
business did ship, transport, and receive firearms in interstate
commerce, in violation of Section 922(a)(1)(A) of Title 18,
United States Code.

<u>OVERT ACTS</u>

     3.   In furtherance of the conspiracy and to effect the
illegal object thereof, AARON CALLOCK, ARTHUR LOWE, a/k/a "Mark,"
DANE CLARKE, a/k/a "Hawk," JENNY SUE LEASURE, TAMERIA MCKENNEY,
BETTY CRAVEN, ROBERTA BRASSEUR, JOSEPH HARTLINE, a/k/a "Mike,"
CHRISTIN VANCAMP, JULIE GILLMAN, and KELLIE KIRKBRIDE, the
defendants, and others known and unknown, committed the following
overt acts, among others, in the Southern District of New York
and elsewhere:

     a.   On or about December 8, 2005, JOSEPH HARTLINE,
a/k/a "Mike," the defendant, purchased two firearms for AARON

-2-

CALLOCK, the defendant, from a sporting goods store in Ohio.  The two firearms were a Hi-Point model C 9 millimeter handgun, and a Haskell 45 caliber semi-automatic handgun.

        b.    Between in or about December 2005 and in or about March 2006, KELLIE KIRKBRIDE, the defendant, and CALLOCK traveled from Ohio to the Bronx, New York, and delivered firearms to ARTHUR LOWE, a/k/a "Mark," the defendant.

        c.    On or about March 4, 2006, HARTLINE purchased four firearms for CALLOCK from a sporting goods store in Ohio.  The four firearms included two Bersa 380 Thunders, a Ruger 9 millimeter P95, and a Taurus 40 caliber handgun.

        d.    In or about March 2006, JENNY SUE LEASURE, the defendant, accompanied a co-conspirator not named herein ("CC-1") when he purchased firearms for CALLOCK, and thereafter accompanied CALLOCK and CC-1 to the Bronx, New York, where the firearms were delivered to LOWE.

        e.    Between in or about March 2006 and January 2007, a 380 caliber handgun that had been purchased in Ohio for CALLOCK by CC-1, and thereafter transferred to LOWE in the Bronx, New York, was purchased in the Bronx by DANE CLARKE, a/k/a "Hawk," the defendant.

        f.    In or about March 2006, BETTY CRAVEN, the defendant, and CALLOCK drove from Ohio to the Bronx, New York, and delivered firearms to LOWE.

        g.    On or about May 16, 2006, JULIE GILLMAN, the

-3-

defendant, purchased four firearms for CALLOCK from a sporting goods store in Ohio.  The four firearms included two Ruger 45 caliber handguns, a Taurus 9 millimeter handgun, and a Smith & Wesson 40 caliber handgun.

   h. In or about May 2006, CALLOCK, CC-1, and CHRISTIN VANCAMP, the defendant, drove from Ohio to the Bronx, New York, and delivered firearms that had been purchased in Ohio to LOWE.

   i. On or about July 26, 2006, ROBERTA BRASSEUR, the defendant, purchased three firearms for CALLOCK from a sporting goods store in Ohio.  The three firearms were three Ruger 45 caliber handguns.

   j. On or about August 21, 2006, BRASSEUR purchased three firearms for CALLOCK from a sporting goods store in Ohio.  The three firearms included two Ruger 45 caliber handguns and a Taurus 45 millimeter handgun.

   k. On or about October 2, 2006, HARTLINE purchased two firearms for CALLOCK from a sporting goods store in Ohio.  The two firearms were a Taurus 9 millimeter handgun and a Smith & Wesson 9 millimeter Sigma handgun.

   l. On or about October 16, 2006, TAMERIA MCKENNEY, the defendant, purchased a Keltec 9 millimeter semi-automatic handgun for CALLOCK from a sporting goods store in Ohio.

   (Title 18, United States Code, Section 371.)

<u>COUNT TWO</u>

4.     From at least in or about December 2005, up to and including in or about January 2007, in the Southern District of New York and elsewhere, AARON CALLOCK, the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer, unlawfully, willfully, and knowingly did engage in the business of importing, manufacturing, and dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate commerce, to wit, CALLOCK directed at least five individuals in Ohio to purchase at least 40 firearms on his behalf, and thereafter transported those firearms to Bronx County, New York, where he sold those firearms to another individual.

(Title 18, United States Code, Section 922(a)(1)(A).)


<u>COUNT THREE</u>

5.     From at least in or about December 2005, up to and including in or about January 2007, in the Southern District of New York and elsewhere, ARTHUR LOWE, a/k/a "Mark," the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer, unlawfully, willfully, and knowingly did engage in the business of importing, manufacturing, and dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate commerce, to wit, LOWE bought at least 40 firearms that had been purchased by other individuals in

-5-

Ohio, and thereafter resold those firearms to others.

(Title 18, United States Code, Section 922(a)(1)(A).)


### COUNT FOUR

6.    From at least in or about December 2005 up to and including at least in or about January 2007, in the Southern District of New York and elsewhere, ARTHUR LOWE, a/k/a "Mark," the defendant, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, unlawfully, willfully and knowingly, did transport into and receive in the State where he resides firearms purchased and otherwise obtained by him outside that State, to wit, LOWE received in New York State, where he resides, firearms that were purchased by others on his behalf in the State of Ohio.

(Title 18, United States Code, Section 922(a)(3).)


### COUNT FIVE

7.    From at least in or about December 2005 up to and including at least in or about January 2007, in the Southern District of New York and elsewhere, AARON CALLOCK, the defendant, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, unlawfully, willfully and knowingly, did transfer, sell, trade, give, transport, and deliver firearms to a person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector,

-6-

who CALLOCK knew and had reasonable cause to believe did not reside in the State in which CALLOCK resides, to wit, CALLOCK transported firearms that were purchased in Ohio, where he resides, to a person resident in the State of New York.

(Title 18, United States Code, Section 922(a)(5).)


_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

AARON CALLOCK, ARTHUR LOWE, a/k/a "Mark,"
DANE CLARKE, a/k/a "Hawk," JENNY SUE LEASURE,
TAMERIA MCKENNEY, BETTY CRAVEN, ROBERTA
BRASSEUR, JOSEPH HARTLINE, a/k/a "Mike,"
CHRISTIN VANCAMP, JULIE GILLMAN, and KELLIE
KIRKBRIDE,

Defendants.

## INDICTMENT

07 Cr.

(18 U.S.C. §§ 371; 922(a)(1)(A);
922(a)(3); 922(a)(5).)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson.